Johnston, Ch.
I concur with the chancellor who heard this cause, that the instrument is not to be regarded- as an executed contract, but as still resting in covenant, and requiring the action of this court to execute and enforce it, and that it does not fall within the provisions of the recording act of 1823, even if by a due construction of that act, registration is requisite to give validity to marriage settlements, as between the parties. But I think that Mr. Giles, by the language of the instrument, by “ forever abandoning to his wife, all right, title, interest and claims whatsoever, either in law or equity, which he might acquire after the marriage to her estate, real or personal,” has cut himself off from setting up any claim whatsoever, either as husband in possession, or as distributee. The relinquishment of the wife, in the same instrument, was the consideration of this abandonment on the part of the husband, which made her a purchaser of the exemption for which she stipulated. It is no answer to this to say, that the covenant was made with her personally. It enures in its very nature, like all other contracts, to benefit her estate, and. falls to her executor. If this interpretation is not to prevail, I see no reason why the husband is restricted to a distributive share, instead of holding *328 jure mariti. If the instrument is construed as a covenant with the wife, merely for the space of her life, then according to the case of Stewart v. Stewart, 7 J. C. R. 229, it does not destroy, but only suspends the rights to which the husband would otherwise be entitled: and being in actual possession, he would be considered as having reduced the property, subject to the exception created by his covenant. Whatever construction deprives the husband of his marital rights, must on principle, extend to deprive him aíso of a distributive share of the estate. I am of opinion he is deprived of both. His covenant operates as an assignment of all his interest, after the wife’s death to her executors, for the benefit of her distributees: for whose benefit alone, she plainly stipulated. According to Read v. Snell, 2 Atk. 642, the case is as if she left no husband. That was the case of a wife, who in articles before marriage, barred herself of every thing she could claim out of her husband’s personalty: and it wTas held she was not entitled to paraphernalia, which she claimed. That case appears to me parallel with this.
Note. — In the above case, the reporter has found some difficulty, and has not perhaps succeeded, in giving the principles decided by it. Where the judges differ in their opinions, those principles, upon which the case depends, must be considered as established, in which a majority of them concur.— In this case the circuit chancellor, held, 1. That the marriage contract or agreement, was not a marriage settlement, within the meaning or terms of the act of 1823, and not therefore necessary to be recorded in the office of the register of mesne conveyances. 2. That according to the true construction of the agreement, it did not amount to an entire relinquishment of all claim or interest on the part of the husband, to the estate of the wife; but that the effect of it was merely to make it her separate estate, and that on her death, the husband was entitled to his distributable share of it, under the act of 1791. It will be perceived, that Johnson, Ch., is represented as delivering the opinion of the court. So far as the mere affirmance of the circuit decree is concerned, there is no difficulty, for in this a majority of the appeal court unite; to wit, himself and Chancellor Dunkin. But while in the opinion of Chancellor Johnson, the marriage contract in this case is considered as embraced in the act of 1823, and necessary to have been recorded as required by that act, to give it validity, Dunkin and Johnston, Chancellors, concur with the circuit chancellor in holding it as not falling within the terms of the act. Upon this point, the opinions of Dunkin and Johnston, Chancellors, are given as the opinion of the court. Upon the necessity of recording a marriage settlement, as required by the act of 1823, to give it validity as between the parties, what is sdid by Johnson, Ch., in delivering the opinion of the court, is given as the separate opinion of the chancellor who delivered it. So also, as to what is said on the subject of the duty of the husband to have the deed recorded, and that he should not be permitted to found any claim to the wife’s estate, upon his omission to record it, is represented in the abstract as the separate opinion of the chancellor who delivered it; inasmuch as the other chancellors, Dunkin and Johnston, were of opinion that it was not necessary that the deed should have been recorded at all. As to the effect of the agreement, the opinion delivered by Chancellor Johnson, is given as the opinion of the court; both that opinion and the opinion of Chancellor Dunkin, on this point, agreeing substantially with the circuit decree. Johnston, Ch., is represented as dissenting on this point. It may perhaps be well to remark, that the difference of opinion, as to whether the marriage contract in this case was embraced in the terms of the act of 1823, and therefore, whether necessary to be recorded or not, did not affect the result of the case. The circuit decree was held correct by Chancellor Dunkin, in giving effect to the contract as unaffected by the act of 1823 ; and Johnson, Ch., who held that the contract should have been recorded as a marriage settlement to give it validity between the parties; also held, that the husband as a trustee of the wife, whose duty it was to have the deed recorded, should not be permitted to set up any claim to the property, founded upon his omission of duty, and therefore gave effect to the instrument, in the construction of which, as before remarked, Chancellors Johnson and Dunkin concur with the circuit decree. It.
Wardlaw, for the motion.
Burt, contra.
Dunkxn, Ch.
I am of opinion that the decree of the circuit court should be affirmed, for the reasons therein stated.
In the argument in this court, it was stated that the husband’s right extended to a moiety of the estate, as the wife left no children. If this be so, the decree must, of course, be reformed in this particular.
*329 42